Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Jamie Fountain (SBN 316567)
jfountain@blakelylawgroup.com
**BLAKELY LAW GROUP**
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401
**Attorneys for Plaintiff**
**FIGS, Inc.**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIGS, INC., a Delaware Corporation, | CASE NO.:2:24-cv-2155 |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF:** |
| v. | **1. TRADE DRESS INFRINGEMENT UNDER THE LANHAM ACT (CLAIMS 1-3)** |
| LAGO APPAREL, LLC, an Oregon Limited Liability Company; and DOES 1-10, inclusive, | **2. TRADE DRESS INFRINGEMENT UNDER CALIFORNIA COMMON LAW (CLAIMS 4-6)** |
| Defendant. | **3. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE § 17200 *et seq.* (CLAIM 7)** |
| | **4. UNFAIR COMPETITION UNDER CALIFORNIA COMMON LAW (CLAIM 8)** |
| | **5. PATENT INFRINGEMENT (CLAIMS 9-11)** |
| | **JURY TRIAL DEMANDED** |

Plaintiff FIGS, Inc. ("FIGS" or "Plaintiff"), through its undersigned counsel, hereby file this Original Complaint against Defendant Lago Apparel, LLC ("Lago Scrubs") and DOES 1-10 (collectively "Defendants") requesting damages and injunctive relief, and upon personal knowledge as to their own acts and circumstances, alleges as follows:

## JURISDICTION AND VENUE

1.      This action arises out of Defendant's complicit and unlawful acts constituting trade dress infringement and unfair competition in violation of the Lanham Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.* (the "Lanham Act"), patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.* and violations of statutory and common law of the state of California.

2.      This Court has subject matter jurisdiction over the federal claims asserted in this action under 28 U.S.C. §§ 1331 and 1338(a) and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because they are so related to the federal claims that they form part of the same case or controversy.

3.      This Court has personal jurisdiction over Defendant because Defendant conducts continuous and systematic business in this district, placed infringing products in the stream of commerce directed to residents of this district, derived commercial benefits from the sale of infringing products and caused injuries to Plaintiff within the Central District of California.

4.      Venue is proper under 28 U.S.C. §§ 1391(b)-(c) because a substantial part of the events or omissions giving rise to the claims alleged occurred in this judicial district and Plaintiff is located and has been injured in this judicial district, and 28 U.S.C. § 1400(b) because Defendant committed acts of infringement in this judicial district.

## THE PARTIES

5.      Plaintiff FIGS, Inc. is a corporation organized and existing under the laws of the state of Delaware with an office and principal place of business located in Santa

Monica, California.

6.      Upon information and belief, Defendant Lago Apparel, LLC is a limited liability company organized and existing under the laws of the state of Oregon with an office and principal place of business located at 1433 SE Malden Street, Portland, Oregon 97202.

7.      FIGS is informed and believes that, together with Lago Scrubs, other individuals and entities currently named as DOES 1-10 may also be responsible in one manner or another for the wrongs alleged herein, in that at all relevant times, each one (including Lago Scrubs) was the agent and servant of the others and acting within the course and scope of said agency and employment. These other individuals and entities are sued under fictitious names DOES 1-10 because their true names and capacities are currently unknown to FIGS.  FIGS will seek leave to amend this Complaint when the true names and capacities of DOES 1-10 are ascertained.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A.    The FIGS® Brand

8.      FIGS is a founder-led, direct-to-consumer healthcare apparel and lifestyle brand company. Since its beginnings, FIGS has quickly grown into a highly recognizable designer and retailer of premium scrub wear, and other non-scrub offerings, such as lab coats, underscrubs, outerwear, activewear, loungewear, compression socks and footwear.

9.      The journey of FIGS began in 2013 after FIGS' co-founder, Heather Hasson, grew disillusioned with the substandard apparel options available to healthcare professionals, including uncomfortable and unflattering scrubs that made working lengthy shifts under difficult circumstances even more challenging and strenuous.

10.     With an understanding of design, fashion, and fabric technology, FIGS modernized and revolutionized medical apparel by offering fashion-forward alternatives that featured purposeful designs. The outcome was a major disruption to the existing industry, and a fashion and innovation leap from conventional healthcare

apparel that was notoriously baggy, boxy, and lacking in design. The advancements in design, comfort, and style that FIGS blended and infused into the medical apparel industry are unprecedented.

11.     FIGS' innovative approach did not stop with its products. It also disrupted the industry's historical distribution model, which required healthcare professionals to physically travel to brick-and-mortar stores to purchase their uniforms. FIGS has built the largest online direct-to-consumer platform in healthcare apparel, leading the industry in the shift to digital.

12.     As a result of its many innovations and disruption of a centuries-old industry, FIGS has enjoyed remarkable success in the healthcare apparel space. Every year between its founding in 2013 and 2020, FIGS grew its net revenues by triple digit percentages, and it reached net revenues of approximately $545 million in 2023. In May 2021, FIGS went public through an initial public offering with a multi-billion-dollar valuation; and as of December 31, 2023, FIGS' active customer base had grown to be 2.6 million.

13.     FIGS' immense growth is attributable to its success in disrupting the medical apparel industry in three primary ways: (1) it branded a previously unbranded industry; (2) it redefined what scrubs are by creating products that feature an unmatched combination of design, comfort and style, all at an affordable price; and (3) through direct to customer relationships, it built a community and lifestyle around a profession, revolutionizing the large and fragmented healthcare apparel market and becoming the industry's category-defining healthcare apparel and lifestyle brand.

14.     14.     Today, FIGS' scrub wear is widely available and sold to consumers in every state, including California, through FIGS' website wearfigs.com, and through FIGS' Mobile App.

### B.    Defendant's Infringing Activities

15.     This lawsuit arises from Defendant's design, manufacture, importation, distribution, advertisement, marketing, offering for sale, and sale in the U.S. of certain

scrub wear that infringe upon FIGS' "Casma Scrub Top Trade Dress"; "Catarina Scrub Top Trade Dress"; "Kade Cargo Scrub Pant Trade Dress"; U.S. Pat. No. D948, 170 ("'170 Patent"); U.S. Pat. No. D950,195 ("'195 Patent"); and U.S. Pat. No. D950,890 ("'890 Patent") (collectively, the "Accused Products").

16.     Upon information and belief, Defendant Lago Scrubs is engaged in the retail sale of scrub wear and accessories under its Lago brand on the internet at Lago Scrubs' website lagowear.com that is accessible to customers nationwide, including to those within this judicial district.

17.     Upon information and belief, Defendant Lago Scrubs is a competitor of FIGS and introduced the Accused Products into the stream of commerce in an effort to exploit FIGS' goodwill and the reputation of the FIGS Casma Scrub Top, Catarina Scrub Top, and Kade Cargo Scrub Pant.

18.     FIGS has not granted Defendant a license to practice nor given Defendant any form of permission to use FIGS' trademarks, trade dresses, or patents, including the Casma Scrub Top Trade Dress; Catarina Scrub Top Trade Dress; Kade Cargo Scrub Pant Trade Dress; '170 Patent; '195 Patent; and/or '890 Patent.

### i.   Infringement of the Casma Scrub Top Trade Dress and the '170 Patent

19.     Upon information and belief, Defendant imported into the U.S., advertised, marketed, offered for sale, and/or sold at least the Accused Products identified by name as Lago brand "Crescent" scrub top through its website (lagowear.com) to consumers nationwide, including consumers located within this judicial district. Exemplars of the Accused Products compared to FIGS Casma Scrub Top, the embodiment of the Casma Scrub Top Trade Dress, and the '170 Patent are below:





Defendant's Lago brand        FIGS Casma Scrub Top        '170 Patent (Fig. 1)
Crescent Scrub Top

### ii. Infringement of the Catarina Scrub Top Trade Dress and the '195 Patent

20.    Upon information and belief, Defendant imported into the U.S., advertised, marketed, offered for sale, and/or sold at least the Accused Products identified by name as Lago brand "Diamond" scrub top through its website (lagowear.com) to consumers nationwide, including consumers located within this judicial district. Exemplars of the Accused Products compared to FIGS Catarina Scrub Top, the embodiment of the Catarina Scrub Top Trade Dress, and the '195 Patent are below:





Defendant's Lago brand        FIGS Catarina Scrub Top        '195 Patent (Fig. 1)
Diamond Scrub Top

iii. **Infringement of the Kade Cargo Scrub Pant Trade Dress and the '890 Patent**

21.     Upon information and belief, Defendant imported into the U.S., advertised, marketed, offered for sale, and/or sold at least the Accused Products identified by name as Lago brand "Paulina" scrub pant and the "Trillium" scrub pant through its website (lagowear.com) to consumers nationwide, including consumers located within this judicial district. Exemplars of the Accused Products compared to FIGS Kade Cargo Scrub Pant, the embodiment of the Kade Cargo Scrub Pant Trade Dress, and the '890 Patent are below:

  

Defendant's Lago brand     FIGS Kade Cargo Scrub     '890 Patent (Fig. 1)
Paulina Scrub Pant         Pant

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

  

| Defendant's Lago brand Trillium Scrub Pant | FIGS Kade Cargo Scrub Pant | '890 Patent (Fig. 1) |

22.     Upon information and belief, Defendant has sold additional products that appear to infringe upon FIGS' other trade dresses and/or design patents. FIGS will seek leave to amend as additional information becomes available through discovery.

23.     Upon information and belief, Defendant has acted in bad faith and Defendant's unlawful acts have misled and confused, and were intended to cause confusion, or to cause mistake, or to deceive consumers as to the affiliation, connection, or association of the Accused Products with FIGS, and/or the origin, sponsorship, or approval of the Accused Products by FIGS.

## FIRST CLAIM FOR RELIEF

### Trade Dress Infringement of the Casma Scrub Top Trade Dress
### 15 U.S.C. § 1125(a)

24.     FIGS incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

25.     Since its introduction, the FIGS Casma Scrub Top has been marketed featuring the design elements protected under the Casma Scrub Top Trade Dress. The

Casma Scrub Top Trade Dress is unique and inherently distinctive, and comprised of the following elements:

       a.     A scrub top with a forward shoulder seam;

       b.     A darted back;

       c.     V-shaped neckband with single needle edge stitch detail;

       d.     Two angled welt drop pockets positioned at the waist on the lateral and medial side of the top; and

       e.     Slits on the lateral and medial side seams.

26.    The Casma Scrub Top Trade Dress itself, which is a composite of the above-referenced features, is non-functional, visually distinctive, and unique in the scrub wear industry. Indeed, the USPTO issued a design patent, U.S. Pat. No. D948,170, for the Casma Scrub Top. Examples of its distinctive appearance are shown in the photographs below:






1




27.   The design of the Casma Scrub Top Trade Dress is neither essential to its use or purpose, nor does it affect the cost or quality of the top. There are numerous other designs available that are equally feasible and efficient, none of which necessitate copying or imitating the Casma Scrub Top Trade Dress. The combination of features comprising the Casma Scrub Top Trade Dress as a whole provides no cost advantages to the manufacturer or utilitarian advantages to the consumer. These features, in combination, serve only to render the FIGS Casma Scrub Top, the embodiment of the Casma Scrub Top Trade Dress, as a distinct product originating solely from FIGS.

28.   The FIGS Casma Scrub Top, the embodiment of the Casma Scrub Top Trade Dress, is well-recognized and commercially successful, having been featured in many of FIGS' advertising and promotional materials as well as in various trade publications. The FIGS Casma Scrub Top has received a large volume of unsolicited media attention.

29.   FIGS has spent substantial time, effort, and money in designing, developing, advertising, promoting, and marketing the FIGS brand and its line of scrub wear embodying the Casma Scrub Top Trade Dress. FIGS spends millions of dollars annually on advertising of FIGS products, including scrub wear embodying the Casma

Scrub Top Trade Dress.

30.     Due to its long use, extensive sales, and significant advertising and promotional activities, the Casma Scrub Top Trade Dress has achieved widespread acceptance and recognition among the consuming public and trade throughout the United States. Indeed, FIGS has sold millions of dollars' worth of the FIGS Casma Scrub Top, the embodiment of the Casma Scrub Top Trade Dress. Accordingly, the Casma Scrub Top Trade Dress has achieved a high degree of consumer recognition and secondary meaning, which serves to identify FIGS as the exclusive source of footwear featuring said trade dress.

31.     Upon information and belief, Defendant is a competitor of FIGS and Defendant introduced the Accused Product, including the Lago brand Crescent scrub top, into the stream of commerce in an effort to exploit FIGS' goodwill and the reputation of the FIGS Casma Scrub Top.

32.     The Accused Product, including the Lago brand Crescent scrub top, manufactured, imported, distributed, advertised, offered for sale, and/or sold by Defendant bears designs identical, substantially indistinguishable, or confusingly similar to the Casma Scrub Top Trade Dress, causing a likelihood of confusion as to the source, sponsorship or approval by FIGS of the Accused Product, including the Lago brand Crescent scrub top.

33.     Defendant's use of the Casma Scrub Top Trade Dress is without FIGS' permission or authorization, and in total disregard of FIGS' rights to control its intellectual property.  There are numerous other designs in the scrub wear industry, none of which necessitate copying or imitating the Casma Scrub Top Trade Dress.

34.     Defendant's use of the Casma Scrub Top Trade Dress is likely to lead to and result in confusion, mistake, or deception, and is likely to cause the public to believe that Accused Product, including the Lago brand Crescent scrub top, is produced, sponsored, authorized, or licensed by or are otherwise connected or affiliated with FIGS.

35.     Given the widespread popularity and recognition of the FIGS line of products and the Casma Scrub Top Trade Dress, FIGS avers and hereon alleges that Defendant had knowledge of FIGS' rights to the Casma Scrub Top Trade Dress and has intentionally utilized the Casma Scrub Top Trade Dress on its own product for Defendant's own benefit and/or in an effort to pass them off as if they originated, are associated with, are affiliated with, are sponsored by, are authorized by, and/or are approved by FIGS.

36.     As a direct and proximate result of the foregoing acts, FIGS has suffered and will continue to suffer significant injuries in an amount to be determined at trial. FIGS is entitled to recover all damages, including attorneys' fees, that it has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of its infringing acts.

37.     Furthermore, unless Defendant's unlawful acts are enjoined by this Court, there is no adequate remedy at law that can fully compensate FIGS for the harm caused by Defendant's infringement, which is ongoing.   Accordingly, FIGS is entitled to injunctive relief prohibiting Defendant from continuing to infringe the Casma Scrub Top Trade Dress, or any designs identical, substantially indistinguishable, or confusingly similar thereto.

## SECOND CLAIM FOR RELIEF

### Trade Dress Infringement of the Catarina Scrub Top Trade Dress

### 15 U.S.C. § 1125(a)

38.     FIGS incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

39.     Since its introduction, the FIGS Catarina Scrub Top has been marketed featuring the design elements protected under the Catarina Scrub Top Trade Dress. The Catarina Scrub Top Trade Dress is unique and inherently distinctive, and comprised of the following elements:

a.     A scrub top with a forward shoulder seam;

b.      Cross over V-shaped neckband with single needle edge stitch detail;

c.      A darted back;

d.      Chest pocket with notched corners on the bottom of chest pocket;

e.      Vertical bar tacks on the chest pocket; and

f.      Slits on the lateral and medial side seams.

40.    The Catarina Scrub Top Trade Dress itself, which is a composite of the above-referenced features, is non-functional, visually distinctive and unique in the scrub wear industry. Indeed, the USPTO issued a design patent, U.S. Pat. No. D950,195, for the Catarina Scrub Top. Examples of its distinctive appearance are shown in the photographs below:

 

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28






41.     The design of the Catarina Scrub Top Trade Dress is neither essential to its use or purpose, nor does it affect the cost or quality of the top. There are numerous other designs available that are equally feasible and efficient, none of which necessitate copying or imitating the Catarina Scrub Top Trade Dress. The combination of features comprising the Catarina Scrub Top Trade Dress as a whole provides no cost advantages

to the manufacturer or utilitarian advantages to the consumer. These features, in combination, serve only to render the FIGS Catarina Scrub Top, the embodiment of the Catarina Scrub Top Trade Dress, as a distinct product originating solely from FIGS.

42.     The FIGS Catarina Scrub Top, the embodiment of the Catarina Scrub Top Trade Dress, is well-recognized and commercially successful, having been featured in many of FIGS' advertising and promotional materials as well as in various trade publications. The FIGS Catarina Scrub Top has received a large volume of unsolicited media attention.

43.     FIGS has spent substantial time, effort, and money in designing, developing, advertising, promoting, and marketing the FIGS brand and its line of scrub wear embodying the Catarina Scrub Top Trade Dress. FIGS spends millions of dollars annually on advertising of FIGS products, including scrub wear embodying the Catarina Scrub Top Trade Dress.

44.     Due to its long use, extensive sales, and significant advertising and promotional activities, the Catarina Scrub Top Trade Dress has achieved widespread acceptance and recognition among the consuming public and trade throughout the United States. Indeed, FIGS has sold millions of dollars' worth of the FIGS Catarina Scrub Top, the embodiment of the Catarina Scrub Top Trade Dress. Accordingly, the Catarina Scrub Top Trade Dress has achieved a high degree of consumer recognition and secondary meaning, which serves to identify FIGS as the exclusive source of footwear featuring said trade dress.

45.     Upon information and belief, Defendant is a competitor of FIGS and Defendant introduced the Accused Product, including the Lago brand Diamond scrub top, into the stream of commerce in an effort to exploit FIGS' goodwill and the reputation of the FIGS Catarina Scrub Top.

46.     The Accused Product, including the Lago brand Diamond scrub top, manufactured, imported, distributed, advertised, offered for sale, and/or sold by Defendant bears designs identical, substantially indistinguishable, or confusingly

similar to the Catarina Scrub Top Trade Dress, causing a likelihood of confusion as to the source, sponsorship or approval by FIGS of the Accused Product, including the Lago brand Diamond scrub top.

47.     Defendant's use of the Catarina Scrub Top Trade Dress is without FIGS' permission or authorization, and in total disregard of FIGS' rights to control its intellectual property.  There are numerous other designs in the scrub wear industry, none of which necessitate copying or imitating the Catarina Scrub Top Trade Dress.

48.     Defendant's use of the Catarina Scrub Top Trade Dress is likely to lead to and result in confusion, mistake, or deception, and is likely to cause the public to believe that Accused Product, including the Lago brand Diamond scrub top, is produced, sponsored, authorized, or licensed by or are otherwise connected or affiliated with FIGS.

49.     Given the widespread popularity and recognition of the FIGS line of products and the Catarina Scrub Top Trade Dress, FIGS avers and hereon alleges that Defendant had knowledge of FIGS' rights to the Catarina Scrub Top Trade Dress and has intentionally utilized the Catarina Scrub Top Trade Dress on its own product for Defendant's own benefit and/or in an effort to pass them off as if they originated, are associated with, are affiliated with, are sponsored by, are authorized by, and/or are approved by FIGS.

50.     As a direct and proximate result of the foregoing acts, FIGS has suffered and will continue to suffer significant injuries in an amount to be determined at trial. FIGS is entitled to recover all damages, including attorneys' fees, that it has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of its infringing acts.

51.     Furthermore, unless Defendant's unlawful acts are enjoined by this Court, there is no adequate remedy at law that can fully compensate FIGS for the harm caused by Defendant's infringement, which is ongoing.  Accordingly, FIGS is entitled to injunctive relief prohibiting Defendant from continuing to infringe the Catarina Scrub

Top Trade Dress, or any designs identical, substantially indistinguishable, or confusingly similar thereto.

### **THIRD CLAIM FOR RELIEF**

**Trade Dress Infringement of the Kade Cargo Scrub Pant Trade Dress**

**15 U.S.C. § 1125(a)**

52.     FIGS incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

53.     Since its introduction, the FIGS Kade Cargo Scrub Pant has been marketed featuring the design elements protected under the Kade Cargo Scrub Pant Trade Dress. The Kade Cargo Scrub Pant Trade Dress is unique and inherently distinctive, and comprised of the following elements:

a.     A scrub pant with a thick yoga drawstring waistband;

b.     The drawstring on the waistband is a contrasting color;

c.     Single hip pockets on the lateral and medial leg;

d.     A double patch pocket on either the medial or lateral leg of the pant comprising of a smaller exposed pocket inside a larger pocket;

e.     Notched corners on the bottom of the double patch pocket;

f.     Double needle topstich on the outer seams; and

g.     Slits on the lateral and medial outer seams.

54.     The Kade Cargo Scrub Pant Trade Dress itself, which is a composite of the above-referenced features, is non-functional, visually distinctive and unique in the scrub wear industry. Indeed, the USPTO issued a design patent, U.S. Pat. No. D950,890, for the Kade Cargo Scrub Pant. Examples of its distinctive appearance are shown in the photographs below:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28








55.     The design of the Kade Cargo Scrub Pant Trade Dress is neither essential to its use or purpose, nor does it affect the cost or quality of the top. There are numerous other designs available that are equally feasible and efficient, none of which necessitate copying or imitating the Kade Cargo Scrub Pant Trade Dress. The combination of features comprising the Kade Cargo Scrub Pant Trade Dress as a whole provides no cost advantages to the manufacturer or utilitarian advantages to the consumer. These features, in combination, serve only to render the FIGS Kade Cargo Scrub Pant, the embodiment of the Kade Cargo Scrub Pant Trade Dress, as a distinct product originating solely from FIGS.

56.     The FIGS Kade Cargo Scrub Pant, the embodiment of the Kade Cargo Scrub Pant Trade Dress, is well-recognized and commercially successful, having been featured in many of FIGS' advertising and promotional materials as well as in various trade publications. The FIGS Kade Cargo Scrub Pant has received a large volume of unsolicited media attention.

57.     FIGS has spent substantial time, effort, and money in designing, developing, advertising, promoting, and marketing the FIGS brand and its line of scrub wear embodying the Kade Cargo Scrub Pant Trade Dress. FIGS spends millions of dollars annually on advertising of FIGS products, including scrub wear embodying the Kade Cargo Scrub Pant Trade Dress.

58.    Due to its long use, extensive sales, and significant advertising and promotional activities, the Kade Cargo Scrub Pant Trade Dress has achieved widespread acceptance and recognition among the consuming public and trade throughout the United States. Indeed, FIGS has sold millions of dollars' worth of the FIGS Kade Cargo Scrub Pant, the embodiment of the Kade Cargo Scrub Pant Trade Dress. Accordingly, the Kade Cargo Scrub Pant Trade Dress has achieved a high degree of consumer recognition and secondary meaning, which serves to identify FIGS as the exclusive source of footwear featuring said trade dress.

59.    Upon information and belief, Defendant is a competitor of FIGS and Defendant introduced the Accused Products, including the Lago brand Paulina and Trillium scrub pants, into the stream of commerce in an effort to exploit FIGS' goodwill and the reputation of the FIGS Kade Cargo Scrub Pant.

60.    The Accused Products, including the Lago brand Paulina and Trillium scrub pants, manufactured, imported, distributed, advertised, offered for sale, and/or sold by Defendant bears designs identical, substantially indistinguishable, or confusingly similar to the Kade Cargo Scrub Pant Trade Dress, causing a likelihood of confusion as to the source, sponsorship or approval by FIGS of the Accused Products, including the Lago brand Paulina and Trillium scrub pants.

61.    Defendant's use of the Kade Cargo Scrub Pant Trade Dress is without FIGS' permission or authorization, and in total disregard of FIGS' rights to control its intellectual property.  There are numerous other designs in the scrub wear industry, none of which necessitate copying or imitating the Kade Cargo Scrub Pant Trade Dress.

62.    Defendant's use of the Kade Cargo Scrub Pant Trade Dress is likely to lead to and result in confusion, mistake, or deception, and is likely to cause the public to believe that Accused Products, including the Lago brand Paulina and Trillium scrub pants, are produced, sponsored, authorized, or licensed by or are otherwise connected or affiliated with FIGS.

63.    Given the widespread popularity and recognition of the FIGS line of

products and the Kade Cargo Scrub Pant Trade Dress, FIGS avers and hereon alleges that Defendant had knowledge of FIGS' rights to the Kade Cargo Scrub Pant Trade Dress and has intentionally utilized the Kade Cargo Scrub Pant Trade Dress on its own product for Defendant's own benefit and/or in an effort to pass them off as if they originated, are associated with, are affiliated with, are sponsored by, are authorized by, and/or are approved by FIGS.

64.     As a direct and proximate result of the foregoing acts, FIGS has suffered and will continue to suffer significant injuries in an amount to be determined at trial. FIGS is entitled to recover all damages, including attorneys' fees, that it has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of its infringing acts.

65.     Furthermore, unless Defendant's unlawful acts are enjoined by this Court, there is no adequate remedy at law that can fully compensate FIGS for the harm caused by Defendant's infringement, which is ongoing.   Accordingly, FIGS is entitled to injunctive relief prohibiting Defendant from continuing to infringe the Kade Cargo Scrub Pant Trade Dress, or any designs identical, substantially indistinguishable, or confusingly similar thereto.

## FOURTH CLAIM FOR RELIEF

### Trade Dress Infringement of the Casma Scrub Top Trade Dress
### Under California Common Law

66.     FIGS incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

67.     Defendant's infringement of the Casma Scrub Top Trade Dress also constitutes trade dress infringement under common law of the state of California.

68.     The Accused Products manufactured, imported, distributed, advertised, offered for sale, and/or sold by Defendant bears confusingly similar reproductions of the Casma Scrub Top Trade Dress such as to cause a likelihood of confusion as to the source, sponsorship or approval by FIGS of the Accused Product.

69.     Defendant's unauthorized use of the Casma Scrub Top Trade Dress has caused and is likely to cause confusion as to the source of Accused Products among consumers.

70.     As a direct and proximate result of the foregoing acts, FIGS has suffered and will continue to suffer significant injuries in an amount to be determined at trial. FIGS is entitled to recover all damages, including attorneys' fees, that it has sustained on account of Defendant's infringement, and all gains, profits and advantages obtained by Defendant as a result of its unlawful acts.

71.     Defendant's unlawful acts were willful, deliberate, and intended to cause confusion among the public, taken in reckless disregard of FIGS' rights.  As such, an award of exemplary and punitive damages is necessary in an amount sufficient to deter similar misconduct in the future.

72.     Furthermore, unless Defendant's unlawful acts are enjoined by this Court, there is no adequate remedy at law that can fully compensate FIGS for the damages caused by Defendant's infringement, which is ongoing. Accordingly, FIGS is entitled to injunctive relief prohibiting Defendant from continuing to infringe the Casma Scrub Top Trade Dress, or any designs confusingly similar thereto.

## <u>FIFTH CLAIM FOR RELIEF</u>

### Trade Dress Infringement of the Catarina Scrub Top Trade Dress
### California Common Law

73.     FIGS incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

74.     Defendant's infringement of the Catarina Scrub Top Trade Dress also constitutes trade dress infringement under common law of the state of California.

75.     The Accused Products manufactured, imported, distributed, advertised, offered for sale, and/or sold by Defendant bears confusingly similar reproductions of the Catarina Scrub Top Trade Dress such as to cause a likelihood of confusion as to the source, sponsorship or approval by FIGS of the Accused Product.

76.     Defendant's unauthorized use of the Catarina Scrub Top Trade Dress has caused and is likely to cause confusion as to the source of Accused Products among consumers.

77.     As a direct and proximate result of the foregoing acts, FIGS has suffered and will continue to suffer significant injuries in an amount to be determined at trial. FIGS is entitled to recover all damages, including attorneys' fees, that it has sustained on account of Defendant's infringement, and all gains, profits and advantages obtained by Defendant as a result of its unlawful acts.

78.     Defendant's unlawful acts were willful, deliberate, and intended to cause confusion among the public, taken in reckless disregard of FIGS' rights.  As such, an award of exemplary and punitive damages is necessary in an amount sufficient to deter similar misconduct in the future.

79.     Furthermore, unless Defendant's unlawful acts are enjoined by this Court, there is no adequate remedy at law that can fully compensate FIGS for the damages caused by Defendant's infringement, which is ongoing. Accordingly, FIGS is entitled to injunctive relief prohibiting Defendant from continuing to infringe the Catarina Scrub Top Trade Dress, or any designs confusingly similar thereto.

## SIXTH CLAIM FOR RELIEF

### Trade Dress Infringement of the Kade Cargo Scrub Pant Trade Dress
### California Common Law

80.     FIGS incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

81.     Defendant's infringement of the Kade Cargo Scrub Pant Trade Dress also constitutes trade dress infringement under common law of the state of California.

82.     The Accused Products manufactured, imported, distributed, advertised, offered for sale, and/or sold by Defendant bears confusingly similar reproductions of the Kade Cargo Scrub Pant Trade Dress such as to cause a likelihood of confusion as to the source, sponsorship or approval by FIGS of the Accused Product.

83.     Defendant's unauthorized use of the Kade Cargo Scrub Pant Trade Dress has caused and is likely to cause confusion as to the source of Accused Products among consumers.

84.     As a direct and proximate result of the foregoing acts, FIGS has suffered and will continue to suffer significant injuries in an amount to be determined at trial. FIGS is entitled to recover all damages, including attorneys' fees, that it has sustained on account of Defendant's infringement, and all gains, profits and advantages obtained by Defendant as a result of its unlawful acts.

85.     Defendant's unlawful acts were willful, deliberate, and intended to cause confusion among the public, taken in reckless disregard of FIGS' rights.  As such, an award of exemplary and punitive damages is necessary in an amount sufficient to deter similar misconduct in the future.

86.     Furthermore, unless Defendant's unlawful acts are enjoined by this Court, there is no adequate remedy at law that can fully compensate FIGS for the damages caused by Defendant's infringement, which is ongoing. Accordingly, FIGS is entitled to injunctive relief prohibiting Defendant from continuing to infringe the Kade Cargo Scrub Pant Trade Dress, or any designs confusingly similar thereto.

## SEVENTH CLAIM FOR RELIEF

### (Unfair Competition in Violation of Cal. Bus. & Prof. Code, § 17200 *et. seq.*)

87.     FIGS incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

88.     Defendant's misappropriation and unauthorized use of the Casma Scrub Top Trade Dress to promote the Accused Products is likely to confuse or mislead consumers into believing that such products are authorized, licensed, affiliated, sponsored, and/or approved by FIGS, constituting deceptive, unfair, and fraudulent business practices and unfair competition in violation of the California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200 *et. seq*.

89.     Upon information and belief, Defendant's deceptive, unfair, and

fraudulent business practices were willfully undertaken with full knowledge of the Casma Scrub Top Trade Dress and with the intent to misappropriate FIGS' goodwill and reputation established in the FIGS Casma Scrub Top.

90.    Defendant's misappropriation and unauthorized use of the Catarina Scrub Top Trade Dress to promote the Accused Products is likely to confuse or mislead consumers into believing that such products are authorized, licensed, affiliated, sponsored, and/or approved by FIGS, constituting deceptive, unfair, and fraudulent business practices and unfair competition in violation of the California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200 *et. seq.*

91.    Upon information and belief, Defendant's deceptive, unfair, and fraudulent business practices were willfully undertaken with full knowledge of the Catarina Scrub Top Trade Dress and with the intent to misappropriate FIGS' goodwill and reputation established in the FIGS Catarina Scrub Top.

92.    Defendant's misappropriation and unauthorized use of the Kade Cargo Scrub Pant Trade Dress to promote the Accused Products is likely to confuse or mislead consumers into believing that such products are authorized, licensed, affiliated, sponsored, and/or approved by FIGS, constituting deceptive, unfair, and fraudulent business practices and unfair competition in violation of the California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200 *et. seq.*

93.    Upon information and belief, Defendant's deceptive, unfair, and fraudulent business practices were willfully undertaken with full knowledge of the Kade Cargo Scrub Pant Trade Dress and with the intent to misappropriate FIGS' goodwill and reputation established in the FIGS Kade Cargo Scrub Pant.

94.    As a direct and proximate result of the foregoing acts, FIGS has suffered and will continue to suffer significant injuries in an amount to be determined at trial.

95.    FIGS is entitled to all available relief provided for under the California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200 *et. seq.*, including an accounting and disgorgement of all illicit profits that Defendant made on account of its

deceptive, unfair, and fraudulent business practices.

96.    Furthermore, because FIGS has no adequate remedy at law for Defendant's ongoing unlawful conduct, FIGS is entitled to injunctive relief prohibiting Defendant from unfair competition.

### EIGHTH CLAIM FOR RELIEF

**(Unfair Competition – California Common Law)**

97.    FIGS incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

98.    Defendant's misappropriation and unauthorized use of the Casma Scrub Top Trade Dress to promote the Accused Products also constitutes unfair competition in violation of common law of the state of California.

99.    Defendant's misappropriation and unauthorized use of the Catarina Scrub Top Trade Dress to promote the Accused Products also constitutes unfair competition in violation of common law of the state of California.

100.    Defendant's misappropriation and unauthorized use of the Kade Cargo Scrub Pant Trade Dress to promote the Accused Products also constitutes unfair competition in violation of common law of the state of California.

101.    FIGS has expended substantial time, resources, and effort in creating and developing FIGS scrub wear, including the FIGS Casma Scrub Top, the embodiment of the Casma Scrub Top Trade Dress, which consumers recognize as originating from FIGS.

102.    FIGS has expended substantial time, resources, and effort in creating and developing FIGS scrub wear, including the FIGS Catarina Scrub Top, the embodiment of the Catarina Scrub Top Trade Dress, which consumers recognize as originating from FIGS.

103.    FIGS has expended substantial time, resources, and effort in creating and developing FIGS scrub wear, including the FIGS Kade Cargo Scrub Pant, the embodiment of the Kade Cargo Scrub Pant Trade Dress, which consumers recognize as

originating from FIGS.

104.   Upon information and belief, Defendant introduced the Accused Products into the stream of commerce in order to exploit FIGS' goodwill and the reputation established in the FIGS Casma Scrub Top for Defendant's own pecuniary gain.

105.   Upon information and belief, Defendant introduced the Accused Products into the stream of commerce in order to exploit FIGS' goodwill and the reputation established in the FIGS Catarina Scrub Top for Defendant's own pecuniary gain.

106.   Upon information and belief, Defendant introduced the Accused Products into the stream of commerce in order to exploit FIGS' goodwill and the reputation established in the FIGS Kade Cargo Scrub Pant for Defendant's own pecuniary gain.

107.   Defendant's unauthorized use of the Casma Scrub Top Trade Dress resulted in Defendant unfairly benefitting from FIGS' goodwill and the reputation established in the FIGS Casma Scrub Top.

108.   Defendant's unauthorized use of the Catarina Scrub Top Trade Dress resulted in Defendant unfairly benefitting from FIGS' goodwill and the reputation established in the FIGS Catarina Scrub Top.

109.   Defendant's unauthorized use of the Kade Cargo Scrub Pant Trade Dress resulted in Defendant unfairly benefitting from FIGS' goodwill and the reputation established in the FIGS Kade Cargo Scrub Pant.

110.   Upon information and belief, Defendant's unlawful acts are willful, deliberate, and intended to cause confusion among the public and taken in reckless disregard of FIGS' rights.  As such, an award of exemplary and punitive damages is necessary in an amount sufficient to deter similar misconduct in the future.

111.   As a direct and proximate result of the foregoing acts, FIGS has suffered and will continue to suffer significant injuries in an amount to be determined at trial. FIGS is entitled to recover all damages, including attorneys' fees, that FIGS has sustained on account of Defendant's unfair competition, and all gains, profits and advantages obtained by Defendant as a result of its unlawful acts. Furthermore, because

FIGS has no adequate remedy at law for Defendant's ongoing unlawful conduct, FIGS is entitled to injunctive relief prohibiting Defendant from unfair competition.

## NINTH CLAIM FOR RELIEF

### (Patent Infringement – U.S. Pat. No. D948,170)

112.   FIGS incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

113.   In order to protect its valuable brands, FIGS owns a number of patents covering various styles of scrub wear it markets, including the FIGS Casma Scrub Top described herein. These patents include U.S. Pat. No D948,170 (the "'170 Patent") issued on April 12, 2022, a true and correct copy of which is attached hereto as **Exhibit A** and incorporated herein.

114.   FIGS is the owner by assignment of all rights, title and interest in and to the '170 Patent and FIGS has marked substantially all scrub wear embodying the design of the '170 Patent with "Patent # D948,170", and/or via virtual patent marking on a product label affixed to the products embodying the design of the '170 Patent in compliance with 35 U.S.C. § 287.

115.   Defendant has produced, imported into the U.S., distributed, advertised, marketed, offered for sale, and/or sold within the United States the Accused Products which bear a design substantially similar to the ornamental design of the '170 Patent, in violation of 35 U.S.C. § 271.

116.   FIGS has not granted a license or given Defendant any form of permission to the '170 Patent and Defendant's infringement of the '170 Patent is without FIGS' permission or authority and in total disregard of FIGS' intellectual property rights.

117.   As a direct and proximate result of the foregoing acts, FIGS has suffered and will continue to suffer significant injuries in an amount to be determined at trial. FIGS is entitled to recover all damages sustained on account of Defendant's infringement, and all gains, profits and advantages obtained by Defendant under 35 U.S.C. §§ 284 and 289.

118.   Additionally, in or around February 2021, FIGS put Defendant on notice of Defendant's infringement of the '170 Patent and of FIGS' rights, title, and interest in the '170 Patent via written correspondence.

119.   Upon information and belief, Defendant's infringing acts were and continue to be willful, deliberate, and taken in reckless disregard of the '170 Patent through Defendant's continued sale of Accused Products despite having been put on notice through FIGS' February 2021 correspondence. Defendant took these actions knowing that such actions constituted infringement of the '170 Patent.

120.   As Defendant's willful acts render this an exceptional case, FIGS is entitled to enhanced damages and reasonable attorney fees under 35 U.S.C. § 284.

121.   Furthermore, unless Defendant's unlawful acts are enjoined by this Court, there is no adequate remedy at law that can fully compensate FIGS for the harm caused by Defendant's infringement of the '170 Patent, which is ongoing. Accordingly, FIGS is entitled to injunctive relief under 35 U.S.C. § 283 prohibiting Defendant from continuing to infringe the '170 Patent.

## <u>TENTH CLAIM FOR RELIEF</u>

### **(Patent Infringement – U.S. Pat. No. D950,195)**

122.   FIGS incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

123.   In order to protect its valuable brands, FIGS owns a number of patents covering various styles of scrub wear it markets, including the FIGS Catarina Scrub Top described herein. These patents include U.S. Pat. No D950,195 (the "'195 Patent") issued on May 3, 2022, a true and correct copy of which is attached hereto as **Exhibit B** and incorporated herein.

124.   FIGS is the owner by assignment of all rights, title and interest in and to the '195 Patent and FIGS has marked substantially all scrub wear embodying the design of the '195 Patent with "Patent # D950,195", and/or via virtual patent marking on a product label affixed to the products embodying the design of the '195 Patent in

1    compliance with 35 U.S.C. § 287.

2        125.    Defendant has produced, imported into the U.S., distributed, advertised,

3    marketed, offered for sale, and/or sold within the United States the Accused Products

4    which bear a design substantially similar to the ornamental design of the '195 Patent,

5    in violation of 35 U.S.C. § 271.

6        126.    FIGS has not granted a license or given Defendant any form of permission

7    to the '195 Patent and Defendant's infringement of the '195 Patent is without FIGS'

8    permission or authority and in total disregard of FIGS' intellectual property rights.

9        127.    As a direct and proximate result of the foregoing acts, FIGS has suffered

10   and will continue to suffer significant injuries in an amount to be determined at trial.

11   FIGS is entitled to recover all damages sustained on account of Defendant's

12   infringement, and all gains, profits and advantages obtained by Defendant under 35

13   U.S.C. §§ 284 and 289.

14       128.    Additionally, in or around February 2021, FIGS put Defendant on notice

15   of Defendant's infringement of the '195 Patent and of FIGS' rights, title, and interest in

16   the '195 Patent via written correspondence.

17       129.    Upon information and belief, Defendant's infringing acts were and

18   continue to be willful, deliberate, and taken in reckless disregard of the '195 Patent

19   through Defendant's continued sale of Accused Products despite having been put on

20   notice through FIGS February 2021 correspondence. Defendant took these actions

21   knowing that such actions constituted infringement of the '195 Patent.

22       130.    As Defendant's willful acts render this an exceptional case, FIGS is

23   entitled to enhanced damages and reasonable attorney fees under 35 U.S.C. § 284.

24       131.    Furthermore, unless Defendant's unlawful acts are enjoined by this Court,

25   there is no adequate remedy at law that can fully compensate FIGS for the harm caused

26   by Defendant's infringement of the '195 Patent, which is ongoing. Accordingly, FIGS

27   is entitled to injunctive relief under 35 U.S.C. § 283 prohibiting Defendant from

28   continuing to infringe the '195 Patent.

1

## ELEVENTH CLAIM FOR RELIEF

2

### (Patent Infringement – U.S. Pat. No. D950,890)

3      132.   FIGS incorporates by reference each and every one of the preceding

4   paragraphs as though fully set forth herein.

5      133.   In order to protect its valuable brands, FIGS owns a number of patents

6   covering various styles of scrub wear it markets, including the FIGS Kade Cargo Scrub

7   Pant described herein. These patents include U.S. Pat. No D950,890 (the "'890 Patent")

8   issued on May 10, 2022, a true and correct copy of which is attached hereto as Exhibit

9   C and incorporated herein.

10      134.   FIGS is the owner by assignment of all rights, title and interest in and to

11   the '890 Patent and FIGS has marked substantially all scrub wear embodying the design

12   of the '890 Patent with "Patent # D950,890", and/or via virtual patent marking on a

13   product label affixed to the products embodying the design of the v Patent in compliance

14   with 35 U.S.C. § 287.

15      135.   Defendant has produced, imported into the U.S., distributed, advertised,

16   marketed, offered for sale, and/or sold within the United States the Accused Products

17   which bear a design substantially similar to the ornamental design of the '890 Patent,

18   in violation of 35 U.S.C. § 271.

19      136.   FIGS has not granted a license or given Defendant any form of permission

20   to the '890 Patent and Defendant's infringement of the '890 Patent is without FIGS'

21   permission or authority and in total disregard of FIGS' intellectual property rights.

22      137.   As a direct and proximate result of the foregoing acts, FIGS has suffered

23   and will continue to suffer significant injuries in an amount to be determined at trial.

24   FIGS is entitled to recover all damages sustained on account of Defendant's

25   infringement, and all gains, profits and advantages obtained by Defendant under 35

26   U.S.C. §§ 284 and 289.

27      138.   Additionally, in or around February 2021, FIGS put Defendant on notice

28   of Defendant's infringement of the '890 Patent and of FIGS' rights, title, and interest in

the '890 Patent via written correspondence.

139. Upon information and belief, Defendant's infringing acts were and continue to be willful, deliberate, and taken in reckless disregard of the '890 Patent through Defendant's continued sale of Accused Products despite having been put on notice through FIGS February 2021 correspondence. Defendant took these actions knowing that such actions constituted infringement of the '890 Patent.

140. As Defendant's willful acts render this an exceptional case, FIGS is entitled to enhanced damages and reasonable attorney fees under 35 U.S.C. § 284.

141. Furthermore, unless Defendant's unlawful acts are enjoined by this Court, there is no adequate remedy at law that can fully compensate FIGS for the harm caused by Defendant's infringement of the '890 Patent, which is ongoing. Accordingly, FIGS is entitled to injunctive relief under 35 U.S.C. § 283 prohibiting Defendant from continuing to infringe the '890 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff FIGS, Inc. respectfully request that this Court enter judgment in its favor and against Defendant Lago Apparel, LLC and DOES 1-10 as follows:

1. A judgment that Defendant infringed FIGS' Casma Scrub Top Trade Dress; Catarina Scrub Top Trade Dress; Kade Cargo Scrub Pant Trade Dress; U.S. Pat. No. D948, 170; U.S. Pat. No. D950,195; and U.S. Pat. No. D950,890:

2. An order permanently enjoining and restraining Defendant, their agents, servants, employees, officers, associates, and all persons acting in concert with any of them from infringing FIGS' intellectual property at issue, including but not limited to infringing acts such as:

   a. manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling Accused Products or any other products that bear an identical or confusingly similar design as FIGS' Casma Scrub Top Trade Dress;

b.  manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling Accused Products or any other products that bear an identical or confusingly similar design as FIGS' Catarina Scrub Top Trade Dress;

c.  manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling Accused Products or any other products that bear an identical or confusingly similar design as FIGS' Kade Cargo Scrub Pant Trade Dress;

d.  manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling Accused Products or any other products that infringe the '170 Patent;

e.  manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling Accused Products or any other products that infringe the '195 Patent;

f.  manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling Accused Products or any other products that infringe the '890 Patent;

g.  engaging in any other activity constituting unfair competition with FIGS, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements used or owned by or associated with FIGS; and

h.  committing any other act which falsely represents or which has the effect of falsely representing goods and services of Defendant is licensed, authorized, offered, produced, sponsored, or in any other way associated with FIGS;

3.  An order requiring Defendant to recall from any distributors and retailers and to deliver to FIGS for destruction any Accused Products, including the means of making such products;

4.  An order requiring Defendant to file with this Court and serve on FIGS within thirty (30) days after entry of the injunction, a report in writing and under oath setting forth the manner in which Defendant complied with the injunction;

5.  An order for an accounting of all gains, profits and advantages derived by Defendant on account of the unlawful acts complained of herein pursuant to 15 U.S.C. § 1117(a) and any other applicable federal statute or California state and common law;

6.  An award of damages equal to Defendant's profits and all damages sustained by FIGS as a result of Defendant's wrongful acts;

7.  An award of damages equal to treble Defendant's profits or FIGS' damages, whichever is greater, on account of Defendant's willful infringement;

8.  An award of punitive damages and FIGS' costs, attorneys' fees, and interest as allowed under all applicable federal statutes and California state laws; and

9.  All other relief that the Court may deem just and proper.


 Dated:        March 15, 2024        **BLAKELY LAW GROUP**


                                     By:    _/s/ Jamie Fountain_
                                            Brent H. Blakely
                                            Jamie Fountain
                                            **Attorneys for Plaintiff**
                                            **FIGS, Inc.**

# DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff FIGS, Inc. hereby demands a trial by jury as to all claims in this Civil Action.


Dated:          March 15, 2024          **BLAKELY LAW GROUP**


By:     _/s/ Jamie Fountain_
Brent H. Blakely
Jamie Fountain
**Attorneys for Plaintiff
FIGS, Inc.**